IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01510-ZLW-BNB

EDWARD ALLEN,

Plaintiff,

v.

ARISTEDES ZAVARAS,
UNKNOWN STERLING CORRECTIONAL MEDICAL STAFF, and
DR. KREBS,

Defendants.

---

**ORDER**

---

This matter arises on the following motions (the "Motions") filed by the plaintiff:

1. **Second Request for Motion for Extension of Time for Discovery** [Doc. # 32, filed 12/21/2010];

2. **Motion to Suppress Expert Witness** [Doc. #37, filed 12/21/2010];

3. **Motion to Compel** [Doc. #33, filed 12/21/2010]; and

4. **Motion for Extension of Motions Deadline** [Doc. #46, filed 01/13/2011].

The Motions are DENIED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff filed his Prisoner Complaint [Doc. #3] (the "Complaint") on June 28, 2010.

He is currently incarcerated by the Colorado Department of Corrections ("DOC") at the Sterling

Correctional Facility ("SCF").  *Complaint*, p. 2.[1]  The Complaint alleges that the defendants

failed to appropriately diagnose and treat the plaintiff's chest pain and "lung problem" in

violation of the Eighth Amendment.  Id. at pp. 3-4.  He is suing defendant Krebs in his individual

capacity and defendant Zavaras in his official capacity.  Id. at p. 3.

A Scheduling Conference was held on October 21, 2010, and a Scheduling Order was

entered on October 22, 2010 [Doc. #21].  Expert witness disclosures were due on November 5,

2010.  Rebuttal expert witness disclosures were due on November 19, 2010.  The discovery cut-

off was December 1, 2010.

## Motion to Suppress Expert Witness

The defendants served the plaintiff with a rebuttal expert witness disclosure on

November 19, 2010.[2]  *Motion to Suppress Expert Witness*, attached exhibit.  The plaintiff asserts

that the defendants' expert witness should be stricken because the plaintiff did not designate an

expert witness; "there is no need" for a rebuttal expert; and the defendants' designation is

actually an untimely affirmative expert witness designation.  The plaintiff's argument is without

merit.  The defendants' expert has been designated to rebut any testimony the plaintiff may

---

[1]The Complaint is not consecutively paginated.  Therefore, I cite to the page numbers of the Complaint as they are assigned by the court's docketing system.

[2]The defendants inadvertently state that they served the disclosure on December 19, 2010.  *Response to Motion to Suppress Expert Witness* [Doc. #44], p. 2.  However, it is clear from the text of the remainder of the response, the attached disclosure, and the plaintiff's Motion to Suppress Expert Witness that the disclosure was served on November 19, 2010.

provide at trial regarding his claims.  The expert is a rebuttal expert and the designation was timely.

The plaintiff further argues that it is not necessary for the defendants "to have another doctor to [bolster] the credibility of Dr. Krebs."  The expert's report and affidavit are relevant to the claims and defenses in this case, and her anticipated testimony would not be improper under Rules 702, 703, and 705, Fed. R. Evid.  I will not  strike the rebuttal report simply because the plaintiff believes that the testimony is unnecessary.  The Motion to Suppress Expert Witness is denied.

### Motion to Compel

Prior to the close of discovery the plaintiff served the defendants with Interrogatories, Requests for Production of Documents, and Requests for Admissions.  The plaintiff asserts that several of the defendants' responses were insufficient. The Motion to Compel is largely incomprehensible.  I address only those responses clearly identified by the plaintiff.

The plaintiff asserts that the responses to Interrogatories 2 and 3 are incomplete.  *Motion*, pp. 1, 2.  The following are the requests posed by the interrogatories and Dr. Krebs' responses to the interrogatories:[3]

> INTERROGATORY 2: List all medication prescribed to Plaintiff during October of 2009 to October 2010. There are only 3. (List both names for the medication.)
>
> RESPONSE: I do not have knowledge of this information. However, it may be contained in Plaintiff's medical records and/or the chart review prepared by Dr. Frantz.

---

[3]Apparently, defendant Zavaras was not served with these interrogatories.  The plaintiff does not attach to the Motion his copy of the interrogatories; he attaches only one page of Dr. Krebs' response to the interrogatories.

> INTERROGATORY 3: List dates they were prescribed and for
> duration of time prescribed.
>
> RESPONSE: I do not have knowledge of this information.
> However, it may be contained in Plaintiff's medical records and/or
> the chart review prepared by Dr. Frantz.

*Response to Motion to Compel* [Doc. #45] (the "Response"), Ex. A-1, p. 1.

Dr. Krebs is being sued for his role in denying a request for a follow-up CT scan of the plaintiff's chest pursuant to his position with Physicians Health Partners, an "insurance provider" for the DOC. *Complaint*, p. 4. Dr. Krebs states that he is not one of the plaintiff's treating physicians; does not have a copy of the plaintiff's medical records; does not know all of the medications that have been prescribed to the plaintiff; and does not know the dates that the medications were prescribed or the duration of time for which they were prescribed. *Response*, p. 3. Dr. Krebs cannot be compelled to provide information he does not possess. The Motion is denied insofar as it seeks to compel an additional response from Dr. Krebs.

The plaintiff also asserts that Dr. Krebs' response to Interrogatory 5 is "evasive."

*Motion*, pp. 1, 2. The interrogatory and the response state:

> INTERROGATORY 5: Could the gassing the Plaintiff received in
> cell house one at Sterling Correctional Facility cause something to
> be formed in the Plaintiff's lung like a pulmonary embolism?
>
> RESPONSE: The interval cat scan showed no significant clinical
> pathology. There is no evidence that this event took place.

Id. at Ex. A-1, p. 2.

Dr. Krebs' response indicates that he does not believe a gassing took place, and the plaintiff does not have a pulmonary embolism. The plaintiff asserts that the defendant's response is deficient because:

4

> Well, could the gassing cause it?  There is no evidence it did not
> eather [sic].  The plaintiff asked a question any doctor should be
> able to answer [and] defendant refused to answer.

*Motion*, p. 2.

The question is an improper and vague hypothetical. It fails to provide adequate detail

regarding, for example, the type or length of exposure necessary to allow a response.  The

Motion to Compel is Denied insofar as it seeks to compel a further response to Interrogatory 5.

Finally, the plaintiff complains that the defendants failed to produce documents

responsive to Request for Production No. 1, which states:

> REQUEST: Produce a copy of all medical kites by the Plaintiff
> received by DOC staff between the dates of October 2009 and
> October 2010.
>
> RESPONSE: These records are not maintained by Dr. Krebs,
> Physician Health Partners, LLC or Correctional Health Partners,
> LLC., and therefore Defendant Krebs cannot produce these
> documents. Defendants' counsel has made inquiries to see if these
> records are maintained by the Colorado Department of Corrections
> in Plaintiff's medical records, and will supplement this request to
> provide these records if they have been maintained and can be
> accessed.

*Response*, Ex. A-2.

The defendants state that, subsequently, the following supplemental response to Request

for Production No. 1 was provided to the plaintiff:

> RESPONSE: As previously indicated, these records are not
> maintained by Dr. Krebs, Physician Health Partners, LLC or
> Correctional Health Partners, LLC. Defendants' counsel has made
> inquiries to see if these records are maintained by the Colorado
> Department of Corrections in Plaintiff's medical records. The
> original kites are not maintained and therefore they cannot be
> produced, as they no longer exist. However, the kites are logged in
> a medical kite log, a copy of which concerning the requested dates
> is attached hereto.

*Response*, p. 6 and Ex. A-3.

The kites no longer exist and the defendant cannot be compelled to produce documents that do not exist.  However, the defendants produced the medical kite log for the time period in question, and it contains information regarding the date kites were filed and the reasons medical appointments were requested, as well as other information.  Id. at Ex. A-3. The defendants have produced the requested materials to the extent possible.  The Motion to Compel is denied insofar as it seeks an order compelling defendants' to produce additional documents.

I note that the plaintiff states that Jo Ann Stock, P.A., has been identified as the "unknown Sterling Correctional Medical Staff" and that she should provide responses to his discovery requests.  *Motion*, p. 2.  There is no indication on the record before me that the plaintiff has sought leave to add Ms. Stock as a defendant.  Therefore, Ms. Stock is not a named defendant, and she cannot be compelled to provide responses to the plaintiff's Requests for Production of Documents.

**Second Request for Motion for Extention** [sic] **of Time for Discovery**

The plaintiff requests that the court "set asside" [sic] the discovery cut-off date to allow the defendants to comply with his discovery requests.  Because I find that the defendants have provided adequate responses to the plaintiff's discovery requests, this motion is moot.

**Motion for Extention** [sic] **of Motions Deadline**

The plaintiff requests that the "deadlines for motions" be vacated until his discovery

issues are resolved.  The plaintiff has failed to specify which deadlines he is seeking to vacate or

why they should be vacated.  The motion is denied.

IT IS ORDERED:

1.   The Second Request for Motion for Extension of Time for Discovery [Doc. # 32] is

DENIED as moot;

2.   The Motion to Suppress Expert Witness [Doc. #37] is DENIED;

3.   The Motion to Compel [Doc. #33] is DENIED; and

4.   The Motion for Extension of Motions Deadline [Doc. #46] is DENIED.

Dated February 2, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

7