IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-01510-CMA-BNB

EDWARD ALLEN,

    Plaintiff,

v.

ARISTEDES ZAVARAS,
UNKNOWN STERLING CORRECTIONAL MEDICAL STAFF, and
DR. KREBS,

    Defendants.

## ORDER ADOPTING AND AFFIRMING JULY 15, 2011 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case was referred to United States Magistrate Judge Boyd N. Boland pursuant to 28 U.S.C. § 636.  In this case, Plaintiff, a *pro se* state prisoner incarcerated at Sterling Correctional Facility ("Sterling"), has brought one claim pursuant to 42 U.S.C. § 1983, alleging that Defendant Krebs was deliberately indifferent to his medical needs in violation of the Eighth Amendment when he "refuse[d] to allow a diagnoses [sic] of the plaintiff's lung problem."[1]  (Doc. # 3 at 4.)

---

[1] Plaintiff also names Aristedes Zavaras, the Executive Director of the Colorado Department of Corrections, as a defendant because he "can order that the plaintiff be diagnosed and treated." (Doc. # 3 at 4.)  However, a supervisor is only liable under § 1983 if there exists a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  As the Magistrate Judge noted, the record contained no evidence that

On July 15, 2011, the Magistrate Judge issued a Recommendation (Doc. # 69) concerning Defendants' Motion for Summary Judgment. (Doc. # 40.) The Magistrate Judge recommended that Defendants' Motion be granted and summary judgment be entered in favor of Defendants. Plaintiff, proceeding *pro se*, filed objections to the Report and Recommendation. (Doc. # 70.)

## I. ANALYSIS

When a magistrate judge issues a recommendation on a dispositive matter, a district court judge is required to "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

This Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Recommendation, and Plaintiff's Objections to the Recommendation. Plaintiff's objections are largely incoherent, disjointed, or irrelevant, and fail to raise any new issues of law or fact that warrant a result different from that recommended by the Magistrate Judge. As best the Court can discern, the only specific

---

Defendant "Zavaras even knew of the plaintiff's medical condition." In his objections, Plaintiff points to no evidence that Defendant Zavaras had any connection or link to the alleged constitutional deprivation. Plaintiff also names "unknown Sterling Correctional Medical Staff" as a defendant. However, Plaintiff has not identified any staff member or sought leave to amend his Complaint to name any member of the medical staff as a defendant.

objections appear to be Plaintiff's contention that the Magistrate erred by (1) not compelling discovery, and (2) basing his recommendation on Dr. Paula Frantz's affidavit. These objections are without merit. Plaintiff has previously filed a motion to compel discovery (Doc. # 33) and a motion to suppress Dr. Frantz's testimony. (Doc. # 37.) Both of these motions were denied by the Magistrate Judge. (Doc. # 54.) Plaintiff subsequently filed objections to the Magistrate Judge's nondispositive Order. (Doc. # 58.) The now retired Judge Zita L. Weinshienk overruled Plaintiff's objections, finding that the Magistrate Judge's Order was not clearly erroneous or contrary to law.[2] (Doc. # 63.) Thus, Plaintiff's discovery-related objections do not provide reason to overrule Judge Boland's Recommendation. Although the rest of Plaintiff's objections are not sufficiently specific to warrant discussion, the Court will briefly reiterate why Plaintiff's claim cannot survive summary judgment.

To prove a claim of deliberate indifference, a prisoner must establish that (1) he was deprived of a medical need that is, objectively, "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and (2) the defendant knew of and disregarded "an excessive risk to [the prisoner's] health or safety[.]" *Id.* at 837. "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)

---

[2] Upon the retirement of Judge Weinshienk, this case was reassigned to this Court on April 1, 2011. (Doc. # 64.)

(internal quotation omitted).  A defendant knows of and disregards an excessive risk to a prisoner's health or safety when he is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and he actually draws that inference.  *Farmer*, 511 U.S. at 837.

Plaintiff's claim against Dr. Krebs stems from his allegation that Dr. Krebs personally denied a consultation request for a second chest computed tomography scan ("CT scan").  On November 6, 2009, Plaintiff underwent his first CT scan on his chest. (Doc. # 40-1 at ¶ 21.)  In December, Plaintiff was evaluated in clinic by a provider for his ongoing complaints of chest pains.  The provider prescribed Motrin for pain and requested a second CT scan.  (*Id.* at ¶ 23.) That request was sent on January 4, 2010, to Physician Health Partners ("PHP"), who denied the request because it did not document adequate clinical justification for a second CT scan.  (*Id.* at ¶ 24.)  The provider appealed the denial of the request on February 10, 2010, but again failed to include a copy of the first CT scan or any additional clinical information.  (*Id.* at ¶ 25.) On March 3, 2010 the provider submitted a second appeal to PHP, including the necessary clinical information and the results of the first CT scan.  (*Id.* at ¶ 26.)  Eight

days later, PHP overturned their denial and the requested CT scan was authorized.[3] (*Id.* at ¶ 27.)

Dr. Krebs is the PHP employee who denied the request for the second CT scan. However, there is no evidence that Dr. Krebs knew of and disregarded a substantial risk to Plaintiff's health when he denied the request. To the contrary, the undisputed evidence shows that the request was denied because the providers did not send adequate information, and that the CT scan was approved and taken after PHP received the additional information. Thus, the Court agrees with the Magistrate Judge that Plaintiff failed to show that Dr. Krebs was deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment.

The Court also agrees with the Magistrate Judge that a three-month delay in receiving a second CT scan does not rise to the level of a constitutional violation. A "delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in **substantial harm**." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (emphasis added) (internal quotation and citation omitted). Here, it is undisputed that Plaintiff did not suffer **any** injury as a result of the

---

[3] These facts are taken from the affidavit of Dr. Frantz. As previously noted, Plaintiff contends that the Magistrate Judge improperly relied on Dr. Frantz's affidavit. However, affidavits are competent summary judgment evidence, *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1993), and Plaintiff has submitted no evidence that contradicts Dr. Frantz's affidavit. Thus, the Magistrate Judge did not err in considering these facts to be undisputed.

delay, let alone substantial harm.[4]  Thus, the delay in receiving a second CT scan does not give rise to a constitutional violation.

## II. CONCLUSION

The Court concludes that the Magistrate Judge's thorough and comprehensive analyses and recommendations are correct.  Therefore, Plaintiff's Objections are OVERRULED and the Court hereby ADOPTS and AFFIRMS the Report of the United States Magistrate Judge as the findings and conclusions of this Court.  (Doc. # 52.)

Accordingly, it is ORDERED that Defendants' Motion for Summary Judgment (Doc. # 40) be granted.  This case is DISMISSED WITH PREJUDICE.

DATED:  August __16__, 2011

BY THE COURT:

s/Christine M. Arguello

CHRISTINE M. ARGUELLO
United States District Judge

---

[4] To the extent that Plaintiff objects on the grounds that he is being denied his prescribed pain medication, there is no indication that Defendant Krebs (or Defendant Zavaras for that matter) has anything to do with this alleged deprivation.