IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-01510-CMA-BNB

EDWARD ALLEN,

    Plaintiff,

v.

ARISTEDES ZAVARAS,
UNKNOWN STERLING CORRECTIONAL MEDICAL STAFF, and
DR. KREBS,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on Plaintiff's "Motion for Permission to Appeal," filed on September 7, 2011. (Doc. # 74.) In this Motion, Plaintiff requests that the Court grant him permission to appeal or reconsider its position. In this case, the Court ordered that Defendants' Motion for Summary Judgment (Doc. # 40) be granted on August 16, 2011. (Doc. # 72.) Judgment was entered in favor of Defendants by the Clerk of the Court on August 17, 2011. (Doc. # 73.) The Court construes Plaintiff's Motion as a Motion to Reconsider.[1] For the reasons stated below, Plaintiff's Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

---

[1] Plaintiff may appeal this case to the Tenth Circuit by filing a Notice of Appeal.

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. See Fed. R. Civ. P. 59(e). The Court considers Plaintiff's Motion to Reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered.

The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion to Reconsider, Plaintiff has failed to demonstrate any change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. There is no reason for the Court to reconsider and vacate the Order granting Defendants' Motion for Summary Judgment.

Accordingly, IT IS ORDERED THAT the Motion to Reconsider (Doc. # 74) filed on September 7, 2011 is DENIED.

DATED: September __13__, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge